## APPEALS OF W. P. WEAVER and R. L. DUNN.

Docket Nos. 2555 and 2556.    Submitted June 19, 1925.    Decided September 30, 1925.

1. Determinations of the Commissioner involving inventories which have compensating effects upon succeeding taxable years will not be disturbed in the absence of convincing evidence of error.

2. The Board will not consider issues of fact not raised by the pleadings and set up for the first time in briefs filed after hearing.

*H. A. Mihills* and *L. A. Williams*, C. P. A.'s, for the taxpayers.
*J. Harry Byrne, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

These are appeals from determinations of deficiencies for the taxable year 1919 in the amounts, respectively, of $2,686.56 and $3,071.82. The alleged deficiencies arise from adjustments made in the net income of a certain partnership, of which these taxpayers were members, known as the Greenwood Pickery, and engaged in the business of buying and selling cotton.

FINDINGS OF FACT.

The books of the partnership in question were inadequately kept during the year 1919, and the net income of the partnership was not satisfactorily shown thereon or determinable therefrom.

The Commissioner on or about December 11, 1922, commissioned certain examining revenue agents to make an examination of the net income of the partnership for the years 1918 and 1919.

A careful and painstaking examination was made by these agents and apparently accurate conclusions as to the net income were drawn by them.

The value of the inventory as of December 31, 1917, 1918, and 1919, of the Greenwood Pickery was as follows:

| | |
|---|---|
| 1917 | $16, 293. 83 |
| 1918 | 13, 773. 16 |
| 1919 | *67, 123. 18 |

DECISION.

The determinations of the Commissioner are approved.

OPINION.

JAMES: The taxpayers bring to the Board allegations of error in the closing inventories of the years 1918 and 1919, by which it is sought to increase the closing inventory for 1918 by 212 bales of cotton, at an alleged value of $27,615.69, and to decrease the inventory at the end of 1919 by 43 bales of cotton at an alleged value of $14,496.88. Voluminous testimony was taken by deposition, from which it appears that 212 bales of cotton were sold by the Greenwood Pickery in February, 1919, but the testimony wholly fails to show when this cotton was acquired, or that it was on hand December 31, 1918. The record is even less clear as respects the 43 bales of cotton alleged not to have been on hand at the close of 1919.

The taxpayers appear to have accepted the determination of the Commissioner for the taxable year 1918, in which their income from the Greenwood Pickery is determined upon the basis of the closing inventory of 1918, which, for purposes of the year 1919, is now sought to be increased. Determinations of the Commissioner involving inventories which have compensating effects upon succeeding taxable years are not to be disturbed except by clear and convincing evidence of error, particularly in cases in which the taxpayer has received the benefit of alleged error in an earlier year, barred at the time of appeal to this Board by the statute of limitations.

The taxpayers also claim an allowance for depreciation upon certain property. This issue was first raised by some testimony at the

time of taking depositions, and the claim is formally set up only in the brief filed subsequent to the hearing. The Commissioner objects to any allowance in this connection, for the reason that the issue was not raised by the pleadings. The Board is not satisfied that depreciation should be allowed under all the circumstances, or that it has not been in effect secured by allowances for repairs and replacements already made by the Commissioner, based on the reports of the examining revenue agents, nor is the Board disposed, ordinarily, to permit the injection of new issues of fact after the pleadings have been filed and the issues drawn.

ARUNDELL not participating.