INTERNATIONAL BANDING MACHINE CO., PETITIONER *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13744.   Promulgated June 30, 1928.

*Isidor Wels, Esq.,* for the petitioner.
*LeRoy L. Hight, Esq.,* and *J. M. Morawski, Esq.,* for the re-
spondent.

1064

OPINION.

SMITH: The only assignment of error stated in the petition which was not waived at the hearing is the disallowance by the respondent of patents in an amount of $219,700 as part of petitioner's invested capital for the year 1921. The amount claimed in the return filed for 1921 is not in evidence. The deficiency notice sent to the petitioner by the respondent states:

Since the cash value of patents acquired with stock has not been established, depreciation has been disallowed on all patents acquired for stock. Depreciation on patents acquired for cash is computed as follows:

|  | Cost | Rate | Allowance | Claimed |
|---|---|---|---|---|
|  | $46, 772. 72 | 1/17 | $2, 751. 34 |  |
| 1920 addition | 2, 377. 00 | 1/17 | 139. 82 |  |
| 1921 " | 849. 25 | 1/34 | 24. 97 |  |
|  |  |  | 2, 916. 13 | $15, 674. 86 |
|  |  |  |  | 2, 916. 13 |
|  |  |  |  | 12, 758. 73 |

The Board assumes from this statement that the respondent disallowed the claim of the petitioner for the inclusion in invested capital of any amount in respect of the application for the patent paid in for $250,000 capital stock of the petitioner corporation in 1907. We are of the opinion that the application for the patent had some value at that time. The petitioner then had a model for a machine for the banding of loose cigars and the record indicates that the invention was basic. The petitioner paid $2,500 cash to the inventor for the patent and a resolution was passed by the board of directors of the petitioner corporation in 1907 by which the officers were authorized to pay Wagner and Malocsay in addition to the stock to be issued to them the sum of $17,500 when the sum of $25,000 had been realized from the sale of treasury stock. Only $2,500 of this amount was paid, however. The balance of $15,000 the petitioner claims should be included in invested capital as representing a part of the value of the patent application. No attempt was made at the time to sell shares of stock of the petitioner corporation. At a later date an arrangement was made with a broker for the sale of one share of preferred stock and one share of common stock at a price to the purchaser of the par value of the preferred stock out of which the petitioner was to receive 75 per cent of the amount received by the broker. By reason of the fact that the broker was not living up to his agreement with the petitioner only 430 shares of stock were thus sold. We are of the opinion that the

evidence in the record warrants the conclusion that the patent application had a value at the time paid in for stock of $25,000 and that the patent application had the same value in 1909 when the patent was granted. Invested capital for 1921 should be computed accordingly.

At the hearing of this proceeding the petitioner made various claims which are not covered by the petition or amendments thereto. The issues thus attempted to be raised can not be considered in accordance with numerous decisions of this Board. *Dixie Mfg. Co.*, 1 B. T. A. 641; *W. P. Weaver*, 2 B. T. A. 709; *W. A. Roth*, 4 B. T. A. 834; *S. L. Fowler*, 6 B. T. A. 250; *Old Colony Railroad Co.*, 6 B. T. A. 1025; *H. D. & J. K. Crosswell, Inc.*, 6 B. T. A. 1315.

*Judgment will be entered under Rule 50.*