LUDWIG VOGELSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24408. Promulgated June 7, 1929.

*J. C. Peacock, Esq., J. W. Townsend, Esq.,* and *C. E. Koss, Esq.,* for the petitioner.

*W. F. Gibbs, Esq.,* for the respondent.

948

OPINION.

SMITH: Upon the hearing of the above entitled proceeding the petitioner and the respondent were represented by counsel. It was the contention of the petitioner that he was entitled to judgment of no liability upon the ground that the respondent had not sustained the burden of proof imposed upon him by section 602 of the Revenue Act of 1928, which added to Title IX of the Revenue Act of 1926, sections 912 and 913. It was the contention of the petitioner that before liability for the tax of the corporation would attach the respondent—

must show what assets he [petitioner] received, the amount of assets, the value of the assets and perhaps many other factors which go into a cause of action which could be maintained by the Government had it proceeded in a court of law, or in a court of equity to reach these assets, either under the trust fund doctrine, under an express or implied agreement, or otherwise as a transferee might be liable * * *.

Section 280 of the Revenue Act of 1926, so far as is material, provides:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

Section 602 of the Revenue Act of 1928 provides:

Title IX of the Revenue Act of 1924, as amended, is further amended by adding at the end thereof two new sections to read as follows:

### "TRANSFEREE PROCEEDINGS

" Sec. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

" Sec. 913. Upon application to the Board, a transferee of property of a taxpayer shall be entitled, under rules prescribed by the Board, to a preliminary examination of books, papers, documents, correspondence, and other evidence of the taxpayer or a preceding transferee of the taxpayer's property, if the transferee making the application is a petitioner before the Board for the redetermination of his liability in respect of the tax (including interest, penalties, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer. Upon such application the Board may require by subpœna, ordered by the Board or any division thereof and signed by a member, the production of all such books, papers, documents, correspondence, and other evidence within the United States the production of which, in the opinion of the Board or division thereof, is necessary to enable the transferee to ascertain the liability of the taxpayer or preceding transferee and will not result in undue hardship to the taxpayer or preceding transferee. Such examination shall be had at such time and place as may be designated in the subpœna."

All that the petitioner has admitted in his petition is that he was the principal stockholder in the corporation, L. Vogelstein & Co., Inc.; that that company was legally dissolved in 1921; and that its assets were distributed in liquidation to the petitioner. We have no knowledge as to whether those assets had any value. If they did not, the petitioner has no liability as a transferee.

We think that the proper interpretation of section 912 of the Revenue Act of 1926, added by section 602 of the Revenue Act of 1928, is that the burden of showing the extent of the liability of a transferee of property of a taxpayer is upon the Commissioner and that the Commissioner has not borne that burden by merely showing that the petitioner, by his own admissions, has received in liquidation the assets of a dissolved corporation, which itself may have been liable for a tax, without showing what value, if any, the assets in question had at that time. See *Annie Temogan et al., Trustees*, 16 B. T. A. 923.

> *Judgment of no liability will be entered for the petitioner.*