Mrs. J. F. Alexander, Executrix of the Estate of J. F. Alexander, Deceased, Petitioner, *v*. Commissioner of Internal Revenue, Respondent.

H. W. Trout, Petitioner, *v*. Commissioner of Internal Revenue, Respondent.

Docket Nos. 39019, 39020.   Promulgated April 26, 1933.

*John B. McCallum, Esq.*, for the petitioners.
*O. W. Swecker, Esq.*, for the respondent.

OPINION.

Trammell: These proceedings, consolidated for hearing, are for the redetermination of the liability of the petitioners as transferees of the Saluda Lumber Company, under section 280 of the Revenue Act of 1926, in respect of deficiencies in income tax of said company for 1922 and 1923, in the amounts of $835.75, and $2,654.71, respectively.

The principal question involved is whether the petitioners are liable as transferees. The petitioners did not raise any question as to the amount of the tax due by the transferor; nor as to the statute of limitations; nor deny the authority of the respondent to proceed against petitioners to collect the tax therefrom if they are transferees.

The petition raises the question as to the proper amount of depletion allowable to the transferor, but this question is not urged in this proceeding and no testimony or stipulation relating thereto was introduced. All of the facts were stipulated as follows:

The Saluda Lumber Company was incorporated in 1916 under the laws of the State of North Carolina. H. W. Trout and J. F. Alexander (now deceased) were the sole stockholders of this Company.

On May 1, 1924, Saluda Lumber Company of North Carolina was succeeded by the Saluda Lumber Company, a corporation organized under the laws of the State of South Carolina. H. W. Trout and J. F. Alexander (now deceased) were likewise the sole stockholders of this corporation.

The Saluda Lumber Company of South Carolina took over all the business, assets, and property of the Saluda Lumber Company of North Carolina without material change either in its business affairs, stockholders or management; in truth and in fact it was a continuation of the business formerly conducted by the Saluda Lumber Company of North Carolina.

The net assets transferred by the Saluda Lumber Company of North Carolina to the Saluda Lumber Company of South Carolina were in excess of $18,000 as at May 1, 1924, the date the assets were transferred.

The Saluda Lumber Company of North Carolina filed income tax returns for the years 1922 and 1923 under dates of April 9, 1923, and March 15, 1924, respectively. The return for 1922 was signed by H. W. Trout, Treasurer. The return for 1923 was signed by J. F. Alexander, president, and H. W. Trout, as secretary and treasurer.

On November 22, 1926, H. W. Trout, as secretary and treasurer, signed a waiver for the Saluda Lumber Company for the year 1922, extending the statute of limitations for that year to December 31, 1927.

On August 6, 1927, and within the time required by law, the Commissioner of Internal Revenue duly and regularly assessed against the Saluda Lumber Company of North Carolina additional income and profits taxes for the calendar years 1922 and 1923 in the amounts of $835.75 and $2,654.71, respectively, these assessments appearing on the August 1927, Supplemental List No. 1 of the collector for the District of North Carolina on page 1, line 9, and page 2, line 0, respectively, of said list. The Saluda Lumber Company of North Carolina was duly notified thereof and payment demanded. On September 19, 1927, the collector of internal revenue for the District of North Carolina transferred these additional assessments to the collector for the District of South Carolina, at which time the Saluda Lumber Company of South Carolina was duly notified and payment demanded. The additional income and profits taxes remained wholly unpaid at this date.

On May 1, 1927, the Saluda Lumber Company of South Carolina discontinued its business and surrendered its charter, having prior to April 1927, distributed to its stockholders, the petitioners herein, substantially all of its undivided profits and having on hand at the time of dissolution on May 1, 1927, assets of the value of $20,562.17, which assets passed into and remained in the hands of H. W. Trout, who was the largest stockholder, the secretary and treasurer and active manager of the corporation.

These petitioners were the principal and controlling stockholders of the Saluda Lumber Company of South Carolina at the time it was dissolved and received prior to its dissolution and between January 1 and March 26, 1927, the following dividends in cash paid from the corporation's undivided profits:

Estate of J. F. Alexander_____ $5,400.00
H. W. Trout_____ 10,800.00

This corporation was organized for the purpose of manufacturing lumber. During the year 1926 all merchantable timber owned by this corporation had been cut and sawed into rough lumber. During the period January 1, 1927, to May 1, 1927, the date of dissolution, the only operations of this corporation consisted in the sale of certain manufactured lumber on hand as of January 1, 1927, together with the sale of a small amount of lumber purchased subsequent to January 1, 1927.

Under date of April 6, 1928, the Commissioner of Internal Revenue mailed a sixty-day deficiency letter to each of the above-named petitioners, asserting a deficiency of $3,490.46 against each of them, representing their liability as transferees of the Saluda Lumber Company of North Carolina, under the provisions of section 280 of the Revenue Act of 1926, for taxes due and unpaid from said company for the years 1922 and 1923.

The real controversy in this proceeding is whether the assets of the transferor corporation were distributed to the petitioners in liquidation. It is stipulated that after distributing all of the undivided profits there were left on hand at the time of the dissolution of the corporation on May 1, 1927, assets of the value of $20,562.17 and that these assets passed into and remained in the hands of H. W. Trout, who was the largest stockholder, secretary and treasurer and active manager of the corporation.

After the distribution there remained in the hands of the corporation more than sufficient assets to pay its tax liability here involved. It is well established that if a corporation has on hand sufficient assets to pay its tax liability the respondent must first resort to the corporation for the collection of its tax. There is no liability as

transferee until the corporation has transferred its capital assets to its stockholders without paying its obligations. In other words, so long as the transferor is solvent and able to pay all of its obligations, including taxes, there is no transferee liability. *Samuel Keller*, 21 B. T. A. 84; affd., 59 Fed. (2d) 499; *Charles Harvard*, 25 B. T. A. 1161; *M. H. Graham*, 26 B. T. A. 301.

It is clear from the testimony that no part of the capital of the corporation was distributed to the estate of J. F. Alexander. What that estate received from the dissolved corporation was dividends. It received a portion of the earnings and profits of the corporation. The estate, represented here by the executrix, is, therefore, not liable as transferee.

The question is whether the petitioner, Trout, is liable as transferee. He received, on the dissolution of the corporation on May 1, 1927, assets of the value of $20,562.17. He was the largest stockholder, the secretary and treasurer, and active manager of the corporation. It is true that under the South Carolina law the directors of a corporation on dissolution are the trustees for the purpose of winding up the corporation's affairs, and any assets in their hands as trustees are held by them as trustees for the corporation.

In the case of *American Cotton Oil Co.* v. *Saluda Oil Mill Co.*, 107 S. C. 422; 73 S. E. 14, the facts were that at a sheriff's sale all the property of the Saluda Company was sold by the sheriff to satisfy an execution against it, and the sheriff, after satisfying the execution, paid in the proceeds of the sale to the directors of the corporation and its treasurer, who distributed them among the stockholders. The court held that all of the directors were liable to an unpaid corporation creditor even if the execution sale dissolved the corporation since (under the Civil Code of 1912, secs. 2814–2816) the directors of the dissolved corporation became trustees to collect its assets and pay its debts.

It does not appear of record in this case, by stipulation or otherwise, that Trout was a director of the transferor corporation. If he had been it might well be that as director he received and held the assets for and in behalf of the directors as trustees. The South Carolina statutes do not provide that an official of the dissolved corporation or a stockholder thereof becomes a trustee, but merely that the directors become trustees for a dissolved corporation. The assets in this case, consisting of the capital of the corporation, were distributed to Trout, who was the largest stockholder. The stipulation also states that he was secretary and treasurer and active manager of the corporation. We think that these facts are immaterial if he was not a director. If he was a director, the record

should have disclosed that fact. The argument made by counsel for the petitioner in briefs is that he was a trustee; that the corporation continued in existence for the purpose of paying debts, and that the above amount of assets in the hands of Trout as trustee, because he was a director, constituted assets in the hands of the corporation amply sufficient to pay the taxes here involvd; and that since the corporation held, through its trustees, assets sufficient to pay the tax, Trout was not a transferee.

Even if this contention were sound, based upon facts assumed, it would be immaterial here because the assumed facts are not in the record. All we know is that the $20,562.17 in assets passed into and remained in the hands of H. W. Trout, the largest stockholder. Where a corporation dissolves and turns over its capital assets to a stockholder or stockholders without paying the taxes due to the Government, such stockholder receiving those assets is a transferee. If the fact is that Trout was a director and that the assets were turned over to him as director and trustee, under the laws of South Carolina, the record does not disclose it. In any event, upon a showing that a stockholder or stockholders have received assets of a corporation and that the taxes due the Government have not been paid, the burden of going forward shifts to the petitioner to show that he received them in some capacity other than as a stockholder and that he did not receive them by virtue of his stock ownership.

For the foregoing reasons, it is our opinion that Trout is liable as transferee for the amount of taxes asserted against the transferor corporation. *Grand Rapids National Bank*, 15 B. T. A. 1166; *Edward F. Gehringer*, 16 B. T. A. 214; *Lottie Essex*, 19 B. T. A. 275; *A. R. McLennan*, 25 B. T. A. 1052.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*