WILLARD H. ASHTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39148. Promulgated June 28, 1933.

*John E. Hughes, Esq.*, for the petitioner.
*Carl R. Perkins, Esq.*, for the respondent.

OPINION.

BLACK : This case involves a deficiency in tax liability of $1,248.78 for the year 1923 proposed for assessment against the petitioner as transferee of the assets of the Ashton Dry Goods Co., of Rockford, Illinois.

The statement accompanying the deficiency letter contains the following:

In re: Mr. Willard H. Ashton, Fort Collins, Colorado. Under authority of Section 280 of the Revenue Act of 1926, there is proposed for assessment against you the amount of $1,248.78 constituting your liability as transferee of the assets of the Ashton Dry Goods Company, Rockford, Illinois, for unpaid income tax in the above amount due from the corporation (plus any accrued penalty and interest) for the year 1923, as shown by the following statement. [Then follows computation of the tax.]

In his petition the petitioner alleges that the respondent erred in disallowing as a deduction for 1923, $9,851.21 for a net loss sustained by the Ashton Dry Goods Co. in 1922. In paragraph 5 (a) of the petition is the following:

5. The facts upon which the petitioner relies as the basis of this proceeding are as follows:

(a) Petitioner *admits* that he is the *transferee* of the Ashton Dry Goods Company. He alleges, however, that the Ashton Dry Goods Company does not owe the deficiency claimed for the reason that in the year 1922 it sustained a statutory net loss of $9,851.21 from the conduct of its business. Of this loss the respondent allowed only $1,675.20, leaving $8,176.01 more which he should have allowed.

In paragraph 5 of his answer the respondent pleaded:

5. Admits that the petitioner is the transferee of the Ashton Dry Goods Company.

When the case came on for hearing neither party introduced any evidence and both parties moved for judgment. Petitioner based his motion on the ground that under section 602, Revenue Act of 1928, the burden of proof was on the respondent to prove the liability of the petitioner as transferee, and as no evidence was introduced there was a failure of proof entitling him to judgment. On the other hand, respondent moved for judgment on the record and contends that petitioner admitted his liability as a transferee in paragraph 5 (a) of his petition as follows: " Petitioner admits that he is the *transferee* of the Ashton Dry Goods Company ", and that this admission obviates the necessity of respondent introducing any proof as touching the liability of petitioner as transferee and casts the burden on the petitioner to establish his defense in avoidance of the tax liability, to wit, that the transferor did not owe the deficiency, and as he had not introduced any proof contesting the validity of the tax asserted against the transferor corporation, respondent must prevail.

Section 602 of the Revenue Act of 1928 provides in part:

Title IX of the Revenue Act of 1924, as amended, is further amended by adding at the end thereof two new sections to read as follows:

" TRANSFEREE PROCEEDINGS.

" SEC. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax."

We had a similar question to that presented here in the case of *Ludwig Vogelstein*, 16 B.T.A. 947, and we there held that notwithstanding the admission of Vogelstein that he had received assets of the dissolved corporation, the burden was on the respondent to establish the value of the assets received by the transferee, and if he failed to establish that value, judgment must go for the petitioner.

It has been frequently held by the Board and the courts that a transferee of assets within the meaning of section 280 of the Revenue Act of 1926 is not liable to any greater extent than the value of the assets which he receives. Therefore a bare admission, by one against whom the Commissioner has asserted a transferee liability under section 280, that he is a transferee would not relieve the Commissioner of the burden of proof of showing to what extent such one was liable, and one of the things which the Commissioner would necessarily have to prove would be the value of the assets which the transferee has received. Of course it will be conceded that if the petitioner in his pleadings had admitted his *liability* as transferee *to the extent* asserted by respondent in his deficiency notice, there would be nothing for respondent to prove as touching petitioner's liability as transferee. Such an admission would relieve the Com-

missioner of the necessity of proof. But petitioner's admission in the instant case did not go that far. He merely admitted he was transferee, but, to what extent and how far, he made no admission. It is not every transferee of assets who is liable for the tax under the provisions of section 280, Revenue Act of 1926, as amended. As we said in *Samuel Keller*, 21 B.T.A. 84; affd., 59 Fed. (2d) 499:

> * * * Now it must be admitted at the outset that petitioners are transferees of assets of the corporation to the extent of a value of at least $30,000. The nature and detail of these assets are set out in our findings of fact. *But not every transferee of capital assets of a corporation is liable at law or in equity to the creditors of a corporation* under the trust-fund doctrine. This trust can only be impressed upon assets of the corporation which are distributed on dissolution, or during the insolvency of the corporation, or when such distribution creates a condition of insolvency. *United States* v. *Armstrong*, 26 Fed. (2d) 227. If a corporation transfers a part of its assets to stockholders while it is solvent and is not made insolvent by the transfer, there is no liability either at law or in equity on the part of the stockholders who receive such distribution, even though the corporation subsequently becomes insolvent and is no longer able to pay its debts. * * *

In the *Keller* case, from which the above quotation is taken, we held that respondent had failed to sustain the burden of proof required of him by law, because that, while the undisputed facts showed that Keller and Perbohner were the transferees of certain assets of the taxpayer corporation, the Commissioner had not proved that this distribution of assets to them rendered the corporation insolvent. Therefore there was no transferee liability. Cf. *American Feature Film Co.*, 24 B.T.A. 18, at page 21; *Eliza J. Wray*, 24 B.T.A. 94; *R. E. Burdick*, 24 B.T.A. 1297, at page 1304.

In the instant case the Commissioner has made no showing of insolvency by evidence. Although the admission made by petitioner in his petition is sufficient to show that he received assets from the Ashton Dry Goods Co., it is not sufficient for the purpose of establishing the value of these assets, nor is it sufficient to show that the Ashton Dry Goods Co. was left insolvent by such distribution of assets. Again we say that the facts in the instant case are very similar to those in the *Vogelstein* case, *supra*, which has the following headnote in the printed report of the case:

> Where a petitioner admits that he is the transferee of the assets of a dissolved corporation and the Commissioner introduces no evidence to show the value, if any, of those assets the Commissioner has not borne the burden of proof * * *.

In that case the respondent's deficiency letter contained practically the same statement as that in the instant case. The petitioner admitted in his petition as follows:

> 5. The facts upon which the petitioner relies as the basis of this proceeding are as follows:

(a) The petitioner, Ludwig Vogelstein, during the year 1920 was the principal stockholder in the corporation, L. Vogelstein and Company, Incorporated (hereinafter referred to as the company) which company was legally dissolved in the year 1921 and its assets distributed in liquidation to the petitioner.

This was admitted by the respondent in his answer. There, as here, respondent contended that petitioner had admitted his liability as transferee, but in rejecting this we said:

All that the petitioner has admitted in his petition is that he was the principal stockholder in the corporation, L. Vogelstein & Co., Inc.; that that company was legally dissolved in 1921; and that its assets were distributed in liquidation to the petitioner. We have no knowledge as to whether those assets had any value. If they did not, the petitioner has no liability as a transferee.

We think that the proper interpretation of section 912 of the Revenue Act of 1926, added by section 602 of the Revenue Act of 1928, is that the burden of showing the extent of the liability of a transferee of property of a taxpayer is upon the Commissioner and that the Commissioner has not borne that burden by merely showing that the petitioner, by his own admissions, has received in liquidation the assets of a dissolved corporation, which itself may have been liable for a tax, without showing what value, if any, the assets in question had at that time. See *Annie Temoyan et al., Trustees*, 16 B.T.A. 923.

There is no practical difference in the admission contained in the *Vogelstein* case and that of the petitioner. They both admit receiving assets from the transferor, but in neither case was there any proof or admission of the value of the assets received. We think this is fatal, as the amount of the liability of the transferee is fixed by the value of the assets received, and it is impossible for the Board to determine the amount of the liability unless there is proof or admission of the value of the assets received. In accord with the *Vogelstein* case, the motion of petitioner is sustained, and that of respondent is overruled.

*Decision of no liability will be entered for the petitioner.*