CHARLES B. BEHR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GORE BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADOLPH RAMISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADOLPH RAMISH, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39534, 39538, 39568, 39569.   Promulgated July 27, 1934.

*Oscar Moss, C.P.A.*, for the petitioners in Docket Nos. 39538, 39568, and 39569.

*J. R. Johnston, Esq.*, and *A. F. Stillwell, Esq.*, for the respondent.

OPINION.

SEAWELL: These proceedings, which were consolidated for hearing and report, involve the liability of the petitioners as transferees for unpaid income tax of the Lou Anger Oil Syndicate for the fiscal year ended June 30, 1924.   The liability being asserted against each petitioner is $8,336.13, the amount of tax determined to be due from the Syndicate.

The petitions filed by Adolph Ramish and Adolph Ramish, Inc., allege as error the failure of the respondent to find that the transferor was taxable as a trust, and, in the alternative, failure to allow the Syndicate certain amounts as deductions for depreciation and depletion, and to apportion the tax among the holders of certificates of beneficial interest in the Syndicate.   Gore Brothers, Inc., alleges in its petition that the respondent erred in determining that the Syndicate was taxable as a corporation and that it made any profit from its investment in the Syndicate, and that the respondent incorrectly computed the net income of the Syndicate.   The petitions of Adolph

Ramish and Adolph Ramish, Inc., contain allegations that the Syndicate disposed of its property in July 1926, and that during August 1926 it distributed the proceeds of the sale ratably among its certificate holders, Adolph Ramish receiving $46,032.17 and Adolph Ramish, Inc., $20,000. These allegations of fact the respondent admitted in his answers. The petition filed by Gore Brothers, Inc., contains no like allegations of fact, but in his answer the respondent alleged that subsequent to June 30, 1924, the Syndicate disposed of its assets and distributed the proceeds thereof ratably among its members, the petitioner receiving an amount in excess of the tax due from the Syndicate. The petitions filed by Adolph Ramish and Adolph Ramish, Inc., contain a prayer asking the Board to find that there is no liability at law or in equity on the part of the petitioner for any deficiency in tax of the Syndicate. The petition filed by Gore Brothers, Inc., contains a prayer asking the Board to "herein redetermine the deficiency herein complained of."

At the conclusion of the hearing counsel for the petitioners moved to amend the petitions to conform to the proof, and at a date set therefor amendments to the petitions were received over objection by the respondent. Each of the amendments alleges as error the respondent's determination that the petitioner is a transferee of the Syndicate under section 280 of the Revenue Act of 1926, "for the reason that at all times material to the issue the said Syndicate was solvent and had sufficient assets to meet all alleged assessments for proposed deficiencies against the taxpayer," and that the respondent had not exhausted his remedies against the Syndicate for the collection of the tax alleged to be due. Each amendment contains a prayer asking the Board to determine that the petitioner is not liable at law or in equity for any deficiency in tax of the Syndicate. The amendment made to the petition filed in the case of Adolph Ramish also alleges as an additional error the respondent's finding that the petitioner received any distribution from the Syndicate.

The respondent has moved to strike the several amendments to the petitions, claiming that their effect is to shift to him the burden of the proof as to questions not theretofore in issue. In other words, he says that at the time proof was received the petitions raised no question as to the liability of the petitioners as transferees.

Section 602 of the Revenue Act of 1928, under which the hearings were had, places on the respondent the burden of proof that a petitioner is liable as a transferee of property of a taxpayer.

We have heretofore held that where a petitioner admits the receipt of assets in liquidation of a corporation, the amount of tax alleged to be due from the petitioner's transferor may not be

asserted against him in the absence of proof by the Commissioner of the value of the assets received. *Ludwig Vogelstein*, 16 B.T.A. 947; *Willard H. Ashton*, 28 B.T.A. 582. The statute also places on the Commissioner the burden of proving that the assets transferred to the transferee rendered the transferor insolvent. *Samuel Keller*, 21 B.T.A. 84; affd., 59 Fed. (2d) 499; *Mrs. J. F. Alexander*, 27 B.T.A. 1210; *Willard H. Ashton, supra.*

In the stipulation of facts filed at the hearing the parties agree that the Syndicate is taxable as a corporation, and that certain distributions, as set forth therein, were made in 1926 to the holders of certificates of beneficial interest in the Syndicate. The pleadings and stipulation both show that Adolph Ramish, Inc., received a distribution of $20,000. The pleadings show that Adolph Ramish received $46,032.17, but the stipulation contains no agreement as to a distribution to him in his individual capacity. In the case of Gore Brothers, Inc., the pleadings contain no admission of a distribution, whereas the stipulation shows that it received $34,767.50. There are no allegations and admissions in the pleadings or agreements in the stipulation that the distributions resulted in insolvency of the Syndicate.

That the respondent recognized the burden placed upon him by the statute to prove transferee liability of the petitioners seems clear from the record. In addition to the facts respecting distributions, the stipulation sets forth the net amount received by the Syndicate from the sale of its working interest in a certain oil and gas lease, including the improvements on the leased property; the balance sheet of the Syndicate as of June 30, 1926, and the condition of its accounts on September 2, 1926; the time when the Syndicate ceased drilling operations and operation of oil wells; the issuance of a distraint warrant for the collection of the tax alleged to be due from the Syndicate; and the holders of certificates of beneficial interest in the Syndicate as of May 1, 1926, and at all times thereafter important to the question, and the distributions received by them in June, August, and September 1926. The stipulation of facts would not have been necessary had there been no issue as to the liability of the petitioners as transferees of the Syndicate, and the extent of that liability.

The opening statement of counsel for the petitioners shows that the claims of the respondent were being resisted on the grounds, among others affecting the tax liability of the Syndicate, that the Syndicate was solvent after the distributions were made, and that the respondent had not exhausted his remedies against the transferor for the collection of the tax. Counsel for the respondent did not challenge this statement of the issues, and in his opening statement

said that, "As to question of transferee liability, I expect to show that this syndicate sold.its oil lease and property used in connection therewith, to the Julian Petroleum Corporation, in the year 1926, and that soon thereafter the proceeds of this sale were distributed to the unit holders." All of the facts necessary to redetermine the tax liability of the Syndicate were stipulated, and all of the testimony taken and documents received in evidence at the hearing related to the liability of petitioners as transferees. The respondent subpoenaed four former trustees of the Syndicate to testify in his behalf and was the moving party at the hearing. He examined his own witnesses and cross-examined the petitioner's witnesses at considerable length respecting the life of the Syndicate, its financial condition at various times, including the value of certain assets of the Syndicate, the ownership of the certificates set forth in the stipulation of facts under the name of Adolph Ramish, trustee, and certain other matters peculiar to cases involving transferee liability. This was done in the face of a statement made by counsel for the petitioners during the forepart of the respondent's examination of his own witness that he proposed to amend the pleadings to conform to the facts proved at the hearing.

The amendments did not alter the cause of action or have the effect of shifting the burden of proof, and in allowing them there was no abuse of discretion. The motions of the respondent to strike the amendments are denied. See *International Banding Machine Co.* v. *Commissioner*, 37 Fed. (2d) 660, reversing 12 B.T.A. 1062; *Alameda Park Co.* v. *Lucas*, 37 Fed. (2d) 805, reversing 10 B.T.A. 1115.

On brief the respondent, without any argument or citation of authority on the point, asks that his determination with respect to Charles B. Behr be sustained on the ground that the facts relating to the petitioner's liability are not placed in issue by his petition. Behr's petition contains the same assignments of error and allegations of fact respecting the sale of the Syndicate's property and the distribution of the proceeds thereof, except as to the amount received, as the petitions filed by Adolph Ramish and Adolph Ramish, Inc., and concludes with a prayer that the tax proposed for assessment against him be " vacated and cancelled and the petitioner discharged from payment thereof and from interest, cost and penalties." The petition has not been amended.

The effect of the respondent's request is to ask for judgment on the basis of the pleadings. While this petitioner admitted in his petition the receipt of the sum of $973.49 in liquidation of the Syndicate, there is no admission in the pleadings or the stipulation that the distribution rendered the Syndicate insolvent. The burden of prov-

ing this point was on the respondent, as we have already pointed out. The respondent is not entitled to judgment against this petitioner on the basis of the pleadings.

The stipulation and evidence of record show that the amount of $41,830.12 distributed to petitioner Adolph Ramish by the Syndicate was not paid to him as a holder of certificates of the Syndicate, but as a trustee for Charles B. Behr. Accordingly, we hold that Adolph Ramish is not a transferee of property of the Syndicate and is not liable at law or in equity for tax owing by the Syndicate for the fiscal year ended June 30, 1924. The evidence also proves that the distribution made to the other petitioners not only did not render the Syndicate insolvent, but that it was financially able to pay the tax in question for several years thereafter.

The Syndicate was organized under the laws of California. In 1925 it changed its name to Dell Oil Syndicate. As of May 1, 1926, the Syndicate sold its 70 percent working interest in a certain oil and gas lease, together with the improvements on the leased property, to the Julian Petroleum Corporation for a net consideration of $139,074, which was fully paid in August 1926.

The balance sheet of the Syndicate on June 30, 1926, as reflected by its books, was as follows:

*Assets*

| | |
|---|---:|
| Cash | $8,574.19 |
| Accounts receivable | 76,171.75 |
| Balance due from Julian Petroleum Corporation on sale | 99,677.59 |
| Advance distributions to unit holders | 2,500.00 |
| | 186,923.53 |

*Liabilities*

| | |
|---|---:|
| Accrued pay roll | $380.00 |
| Note payable | 15,000.00 |
| Reserve for income taxes fiscal years 1924, 1925, and 1926 | 32,023.31 |
| Par value units | 100,000.00 |
| Surplus and undivided profits | 39,520.22 |
| | 186,923.53 |

The Syndicate had income of $337.24 from gas receipts and expenses of $4,711.38 between June 30 and September 2, 1926. These items of income and expenses reduced the credit balance in the Syndicate's capital and surplus account to $135,146.08. In June and August and on September 2, 1926, the Syndicate made further distributions to its certificate holders in the aggregate amount of $106,276.42.

On the basis of its books the distributions made to the certificate holders on and prior to September 2, 1926, not only did not render

the Syndicate insolvent, but left net assets of $28,869.66 in addition to the reserve of $32,023.31 to meet income taxes, including $8,336.13 for the fiscal year 1924. The balance of $99,677.59 due from the Julian Petroleum Corporation under the sales contract was fully liquidated in August 1926, leaving $76,171.75 of accounts receivable to be collected. The respondent did not prove that the accounts receivable were worthless on September 2, 1926, or that their value at that time was insufficient to meet the Syndicate's outstanding liabilities. On the other hand, it was proved that of the accounts receivable about $46,000, due from the White Bear Consolidated Oil Co., was worth face value on September 2, 1926, and thereafter until the fall of 1929. It thus appears that the distributions to these petitioners and other certificate holders did not have the effect of rendering the Syndicate insolvent, but that it had assets more than sufficient to liquidate the income tax liability being asserted against the petitioners here. The books of the Syndicate as of December 15, 1927, show that the Syndicate had assets of $60,539.15 and no liabilities. The evidence proves that two of the asset items at that time had a value of $47,573.85, an amount more than sufficient to liquidate the tax in question here.

On January 16, 1928, the collector of internal revenue at Los Angeles, California, issued a warrant of distraint for the collection of the tax of $8,336.13, plus interest, assessed against the Lou Anger Oil Syndicate. The deputy collector to whom the warrant was delivered for execution returned it on January 21, 1928, unsatisfied, with a letter from Charles B. Behr, one of the petitioners here, stating that the Lou Anger Oil Syndicate discontinued business and dissolved during the latter part of 1924 or the early part of 1925 and distributed its money among its certificate holders.

The respondent cites *John Thomson, Jr.*, 20 B.T.A. 1, as authority that nothing further was required of him to show exhaustion of his remedies against the taxpayer. Investigations made by the deputy collector to whom the warrant was delivered in that case disclosed no assets out of which the tax due could be collected. Here, an examination of the status of the Syndicate would have shown that the taxpayer had not dissolved and had property sufficient to satisfy the respondent's claim.

The respondent has failed to assume his burden of proof that the petitioners are liable at law or in equity as transferees of property of the Syndicate. In view of this conclusion it is not necessary for us to decide the issue bearing on the correct tax liability of the Syndicate.

Reviewed by the Board.

*Decision will be entered for each petitioner.*