E. M. HURLBUT, TRANSFEREE, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GLADYS G. LAWRENCE, TRANSFEREE, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 71788, 75494. Promulgated December 31, 1935.

*Sam H. Benbow, Esq.*, for the petitioners.
*Willis R. Lansford, Esq.*, for the respondent.

---

OPINION.

SEAWELL: Respondent says and contends that under the stipulated and admitted facts the burden imposed upon him by section 602 of the Revenue Act of 1928 has been met and discharged. That the admission that petitioners are the heirs at law of the transferor, the intestate, who had no other valuable assets at the date of his death than those then passing by operation of law to petitioners, and that

such assets then had a value of $7,500, whereas the taxes herein involved are only in the amount of $3,821.15, respondent claims "clearly meets respondent's burden." He further says in his brief: "The liability of the several heirs-at-law would be limited by the value of the assets received."

As we understand petitioners' contention, it has to do almost wholly with the statement contained in the quoted sentence next above. Petitioners contend that the stipulation is not that the one-half interest of the intestate in the homestead was of the value of $7,500, but that that would have been its value "if clear of liens." It becomes requisite, therefore, to inquire in respect to liens upon the property. The homestead, it is stipulated, is still in the possession of the widow, Effie Hurlbut, as her homestead. Such possession is under section 52 of article 16 of the Constitution of Texas, which is as follows:

> On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the life time of the surviving husband or wife, or so long as the survivor may elect to occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the court having jurisdiction, to use and occupy the same.

If the right of the surviving widow during her lifetime to occupy the homestead, as provided in the Constitution of Texas is a *lien* on that part of the homestead previously owned by the husband, it would seem to be a very substantial interest, materially reducing the value of the title and property of the heirs. A lien, "In its most extensive signification," says Bouvier, "includes every case in which real or personal property is charged with the payment of any debt or duty; every such charge being denominated a lien on property. In a more limited sense it is defined to be a right of detaining the property of another until some claim be satisfied." Webster's New International Dictionary is somewhat to the same effect, defining "lien" as "a legal claim; a charge upon real or personal property for the satisfaction of some debt or duty; a right in one to control or to hold and retain or enforce a charge against the property of another until some claim of the former is paid or satisfied."

Whatever may be the proper designation of the right secured to the widow under the section of the Constitution of Texas quoted— lien, dower, equity, estate or other designation—and though by the quoted section the interest of the deceased in the homestead shall descend and vest at once in the heirs, it is certain that the heirs have only a restricted title and interest in the property while the widow lives and elects to use the property as her homestead. How

much this restriction on the title of the petitioners reduces the value of the property received by them from their father, the decedent, we have no evidence or stipulation of fact from which to judge. But assuming, without so finding, that the value of the one-half interest in the homestead which descended from the decedent to the petitioners was, as claimed by the respondent, $7,500, there were liens, without including the homestead right as such, upon that property existing at the time of decedent's death, and still subsisting, as shown in the stipulations sufficient in amount to absorb that value. The Commissioner determined deficiencies in income taxes against the decedent for the years 1927 and 1928 aggregating $6,402.82, together with interest. These taxes have not been paid and are a lien on the homestead interest of decedent, which lien is preserved against *bona fide* purchasers for value by the filing of notice with the county clerk of Harris County, Texas, where the said real estate is located. U. S. C. A. 26, sec. 115. The amount of the 1927 and 1928 taxes, together with accrued interest, is more than the stipulated value of the assets belonging to decedent's estate. A similar notice as to deficiency of the decedent involved in these proceedings for the years 1929 and 1930 was filed in said county, for the same purpose. It does not seem either equitable or conformable to the law for these petitioners to be adjudged transferees of the interest of decedent in the homestead and required to pay the taxes for the years 1929 and 1930, when the respondent is in position to have distraint levied on that same homestead interest and it sold for the decedent's taxes for 1927 and 1928. Respondent has failed to show any value in said homestead interest above the valid subsisting liens and encumbrances held against it. Without showing the value of the assets received, there can be no transferee liability. The burden rests with respondent to make this proof. *Willard H. Ashton*, 28 B. T. A. 582; 5 Paul and Mertens, sec. 46.42.

*Judgment will be entered for the petitioners.*