Minnie M. Taylor, also known as Minnie Taylor Atkins and Marie T. Atkins v. Commissioner.
Taylor v. Commissioner
Docket No. 2177-68.
United States Tax Court
T.C. Memo 1970-109; 1970 Tax Ct. Memo LEXIS 249; 29 T.C.M. (CCH) 490; T.C.M. (RIA) 70109; May 11, 1970, Filed *249 M. Bryan Healer, II Box 1147, Citizens Bank Bldg., Brownwood, Tex. , for the petitioner. John W. Dierker, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion Findings of Fact QUEALY, Judge: This proceeding involves a transferee liability asserted against the petitioner for taxes and penalties due from Charles T. Atkins, 133 Seaward Avenue, San Ysidro, California, transferor. The taxes and penalties which were assessed against the transferor on March 26, 1965 were stated in the notice of transferee liability, as follows: 491 Taxable
Liability
Assessed
Deficiency
Section
Section
Section
Year
293(b)
6653(b)
294(d)(1)(A)
Ended
12/31/51
$ 9,687.67
$ 256.00
$ 9,431.67
$ 4,843.84
$ 848.01
12/31/52
13,994.01
256.84
13,737.17
6,985.84
1,230.44
12/31/53
8,362.27
553.18
7,809.09
3,904.55
689.65
12/31/54
3,465.26
542.44
2,922.82
$ 1,461.41
253.38
12/31/55
13,988.72
525.97
13,462.75
6,731.38
12/31/56
14,145.51
957.96
13,187.55
6,593.78
12/31/57
15,400.23
1,276.23
14,124.00
7,062.00
Total
$79,043.67
$4,368.62
$74,675.05
$15,734.23
$21,848.57
$3,021.48
*250 The amount of the liability asserted against the petitioner was limited to $30,491.00 with respect to which the notice of transferee liability stated: The records of this office indicate that Charles T. Atkins, 133 Seaward Avenue, Apt. 4, San Ysidro, California, 92073, transferred assets to you on or about November 7, 1958 in the amount of $20,991.00 and on or about February 28, 1959 in the amount of $9,500.00. The income tax liability of Charles T. Atkins has not been discharged. The above-mentioned amount of $30,491.00 represents your liability as transferee of the assets of Charles T. Atkins, 133 Seaward Avenue, Apt. 4, San Ysidro, California, 92073, for deficiencies of incomes and additions to the tax due from Charles T. Atkins for the taxable years shown above. At the trial, the parties stipulated that in the event that respondent was able to show that the transferor was insolvent in October 1958, the petitioner would be liable as a transferee in the amount of $9,991.00 on account of any unpaid taxes due from the transferor. The petitioner further agreed that the taxes and penalties assessed against the transferor are due and are and have been uncollectible against the *251 transferor since 1965. The stipulated facts are found as stipulated. A schedule showing certain assets and liabilities of the transferor as of December 31, 1957, was received in evidence by agreement of the parties, with the understanding that such schedule would not necessarily reflect all of the tranferor's assets as of that date. The schedule reflected the following: Additional In-
Taxes Due
come Tax Due
Penalty
Total
1951
$ 9,431.67
$ 5,691.85
$ 15,123.52
1952
13,737.17
8,216.28
21,953.45
1953
7,809.09
4,594.20
12,403.29
1954
2,922.82
1,714.79
4,637.61
1955
13,462.75
6,731.38
20,194.13
1956
13,187.55
6,593.78
19,781.33
1957
14,124.00
7,062.00
21,186.00
Total
$74,675.05
$40,604.28
$115,279.33
DUE TO:
Equitable Assurance Society, 1st Mortgage,
$ 14,610.26
Residence, Upper Saddle River, N.J.
First National City Bank
902.00
$15,512.26
Total Liabilities
$130,791.59
LESS ASSETS:
Franklin National Bank
$ 208.04
First National City Bank
8,820.00
First National City Bank
8,790.13
Chemical Corn Exchange Bank
577.40
National Bank of Allendale, N.J.
1,317.05
U.S. Savings Bonds
10,000.00
Brokerage Accounts, Cohen Simonson & Co.
Stock Tom Atkins in Trust for June Atkins
7,574.78
Stock Tom Atkins in Trust for Victor Atkins
7,599.78
Tom Atkins - 1,000 sh. Israeli Medit
1,945.00
*252 Additional In-
Taxes Due
come Tax Due
Penalty
Total
REAL ESTATE
2209 Goodwin Road, Elmont, N.
$19,778.72
Y.
Upper Saddle River, N.J.
40,638.00
MORTGAGE RECEIVABLE (Dr.
5,000.00
Sherwyn)
Total Assets
$112,248.90
Excess of Liabilities Over
$18,542.69
Assets The respondent presented the testimony of Revenue Agent Ernst Tuchmann. Mr. Tuchmann testified that the assessment against the transferor was made on March 26, 1965; that the case was assigned to him for collection on August 11, 1965; that his first efforts to collect the liability were made in September 1965; and that the only assets he could find against which to levy was an insurance policy (not included in the schedule) on account of which he collected the loan value of $1,800.00. The petitioner then took the stand. She testified that as of December 31, 1957, the transferor owned a Lincoln automobile purchased in February 1957 of a value of $4,000.00. She also testified that the transferor had additional policies of life insurance, which were in effect at the time of the transfer of the property to her. The respondent's examination of the petitioner was *253 limited to asking whether she knew the cash surrender value of such policies, to which the petitioner replied that she did not know. Opinion There was presented for decision the sole question whether the transferor was insolvent at the time of the transfer of property to the petitioner. With respect to that question, the respondent has the burden of proof. Ruth Halle Rowen, 18 T.C. 874 (1952); W. Cleve Stokes, 22 T.C. 415 (1954), acq. 1954-2 C.B. 5. Although petitioner did not raise the question of the transferor's solvency in her petition, the issue was submitted for decision by agreement of the parties. The petitioner is not prevented from raising this question. Cf. Charles B. Behr, 30 B.T.A. 1291 (1934), appeal dismissed 74 F. 2d 1011 (C.A. 9, 1935). From the record in this case, it appears that the deficiency in question was not assessed against the transferor until March 26, 1965, or almost seven years after the event. The fact that the respondent was able to collect only $1,800.00 on account of the deficiency some eight years later cannot be relied on to prove insolvency. The parties stipulated that the *254 transferor had substantial deposits in banks, $10,000.00 in U.S. Savings Bonds, among other assets, having a net value of $112,248.90 as of December 31, 1957. Nothing was collected on account of any of these assets so that the failure to collect the deficiencies cannot be relied on to prove that the transferor did not have other assets. No evidence was presented to indicate whether the transferor had income during the year 1958, or at least until October of that year, against which the tax could have been assessed. The Court cannot assume that the transferor had no income after December 31, 1957. Counsel for the respondent did not question the petitioner with respect to these questions, to which she might have testified if she knew. The burden did not rest upon the petitioner affirmatively to present such facts. On this state of the record, the Court finds that the respondent has failed to sustain the burden of proof of insolvency of the transferor as of October 1958. Decision will be entered for the petitioner. 493