GILBERT C. McKENZIE AND ROXANNE M. McKENZIE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3285–71.    Filed October 24, 1972.

*Dougal C. Pope*, for the petitioners.
*Robert H. Jones* and *Robert Liken*, for the respondent.

#### OPINION

FEATHERSTON, *Judge:* The Commissioner determined a deficiency in petitioners' income tax for 1968 in the amount of $22,069.69 based on numerous adjustments to the income and deductions reported in petitioners' income tax return. Within the statutory 90-day period, petitioners filed a petition in this Court alleging that the Commissioner

erred (a) in failing to allow an interest expense deduction in the amount of $54,961 and (b) in failing to reduce gross receipts by the sum of $6,083.

The principal issue for decision, as the case now stands, is whether certain statements contained in documents entitled "Petitioners' First Request for Admissions" and "Petitioners' Second Request for Admissions" are to be taken as established facts for the purposes of this case. Resolution of this issue hinges on whether rule 36 of the Federal Rules of Civil Procedure (dealing with requests for admission) is applicable to proceedings before the United States Tax Court. An ancillary question is whether petitioners should be relieved of a stipulation of facts, signed by the parties and filed with the Court at the trial of the case.

Petitioners were legal residents of Houston, Tex., at the time they filed their petition. They filed their joint income tax return for 1968 with the district director of internal revenue at Austin, Tex.

On January 10, 1972, after respondent had filed his answer herein, petitioners filed with this Court a document entitled "Petitioners' First Request for Admissions," which reads as follows:

The Petitioners request that the Respondent admit within thirty (30) days after service pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for purposes of this action and subject to pertinent objections which may be interposed at the trial, that the statement set out in the following paragraph is true and correct:

1. That the Petitioners' correct taxable income for the calendar year 1968 is $967.00.

The Clerk of this Court treated the request as a motion and scheduled it for hearing at a motions session on February 2, 1972. The request, together with other matters in another case (Earl N. Lightfoot and Ella C. Lightfoot, docket No. 4238–66), was argued at the motions session as scheduled, and the request, treated as a motion, was denied by the Court.[1]

On February 22, 1972, petitioners filed a "Motion for Reconsideration of Petitioner's Request for Admissions and Motion for Judgment." By order of the Court, this motion was heard in Houston, Tex., on March 13, 1972, and was denied.

On May 4, 1972, petitioners filed with the Clerk of this Court a document entitled "Petitioners' Second Request for Admissions." This instrument contained the same introductory paragraph as the request filed January 10, 1972, and asked respondent to admit the following:

---

[1] In announcing its decision, the Court stated, in part:

"Actually, what the petitioner asks for is that we just don't rule on anything at all at this time and it is up to the respondent to say whether or not he will answer, although I think it would be just taking an extra step to go through that procedure, because I would have to deny his motion eventually, anyway, so the motion in each of these six cases will be denied."

1. That during the calendar year 1968 Petitioners paid $14,400. interest expense to the Mercantile Bank, Houston, Texas.

2. That Petitioners claimed the $14,400. interest expense referred to in Request for Admission No. 1 as a deduction on their 1968 income tax return.

3. That during the calendar year 1968 Petitioners paid $27,260. interest expense to the Fidelity Bank, Houston, Texas.

4. That Petitioners claimed the $27,260. interest expense referred to in Request for Admission No. 3 as a deduction on their 1968 income tax return.

5. That during the calendar year 1968 Petitioners paid $13,301. interest expense to the Continental Bank, Houston, Texas.

6. That Petitioners claimed the $13,301. interest expense referred to in Request for Admission No. 5 as a deduction on their 1968 income tax return.

7. That Petitioners are entitled to claim as interest expense deductions on their 1968 income tax return the $14,400. item referred to in Request for Admission No. 1, the $27,260. item referred to in Request for Admission No. 3, and the $13,301. item referred to in Request for Admission No. 5.

This request was also treated by the Clerk of this Court as a motion and was denied by the Court on May 9, 1972.

The case was scheduled for trial in Houston, Tex., on June 6, 1972. At a pretrial conference, the parties advised the Court that agreement had been reached on the disposition of the controverted issues, but petitioners' counsel indicated a desire to preserve the right to appeal this Court's rulings with respect to the requests for admissions filed on January 10, 1972, and May 4, 1972.

When the case was called for trial, the parties orally stipulated to certain facts (that petitioners were legal residents of Houston, Tex., and that real estate commissions reported in the income tax return should be reduced by $3,000) and offered in evidence a "Stipulation of Facts" containing the following paragraphs:

1. During the taxable year 1968, Gilbert C. McKenzie, hereinafter referred to as petitioner-husband, was married to Roxanne M. McKenzie. They, as cash basis taxpayers, filed their joint individual income tax return for 1968 with the District Director of Internal Revenue in Austin, Texas, a copy of which is attached as Joint Exhibit 1–A.

2. Petitioner-husband was a sole proprietor insurance agent during 1968 doing business under the name of McKenzie and Brown Insurance Agency, which kept its books on a cash basis as reflected on Schedule C of Joint Exhibit 1–A.

3. In 1968 petitioner-husband was engaged by Mr. John Vallone of Vallone, Inc., a Texas corporation, hereinafter referred to as seller, to find purchasers for three tracts of land which seller wished to sell. The three tracts are known as the South Shaver tract, the Deer Park tract, and the Airport Boulevard tract. Earnest money contracts of sale were executed on November 20, 1968, pursuant to which down payments were made.

4. In connection with their purchase of property known as the South Shaver tract on December 31, 1968, R. G. Woodall and petitioner-husband jointly executed a personal note, secured by the South Shaver tract, to seller for $120,000.00, payable in three years at 8 percent. Seller assigned this note to Mercantile Bank of Houston (Mercantile) which gave seller $87,600.00 after

subtracting three years interest ($28,800.00) and a 1 percent brokerage fee ($3,600.00). On their 1968 income tax return, petitioners deducted $14,440.00 as their 50 percent share of the difference between the face value of the note and the proceeds remitted to seller by Mercantile.

5. In connection with their purchase of property known as the Deer Park tract in December 1968, Lawrence W. Hartzog, Michael Richards, and petitioner-husband jointly borrowed $348,000.00 from Fidelity Bank and Trust Company (Fidelity), and gave their joint personal note, secured by the Deer Park tract, payable in three years with interest at 7½ percent. Fidelity subtracted three years interest ($78,300.00) and a 1 percent brokerage fee ($3,480.00 )and remitted a balance of $266,220.00 to purchasers. On their 1968 income tax return, petitioners deducted $27,260.00 as their one-third share of the difference between the face value of the note and the proceeds remitted to purchasers.

6. In connection with their purchase of property known as the Airport Boulevard tract on December 31, 1968, Hartzog and petitioner-husband jointly borrowed $221,682.00 from Continental Bank (Continental) and gave their joint personal note secured by the Airport Boulevard tract, payable in three years with interest at 8 percent. Continental subtracted three years interest ($53,203.68) and remitted a balance of $168,478.32 to purchasers. On their 1968 income tax return, petitioners deducted $13,301.00, which was their one-fourth share of the difference between the face value of the note and the proceeds remitted to purchasers.

7. Petitioner-husband received $18,000.00 from seller in the form of two checks, one for $10,000.00 and one for $8,000.00, in 1968 and reported the $18,000.00 as real estate commission income on Schedule C-1 of Joint Exhibit 1-A.

On discovering possible inconsistencies between the statements contained in the requests for admissions and the statement of facts in the stipulation, petitioners moved orally that all evidence and the stipulation of facts be withdrawn. The ground for the motion was that "they [the stipulated facts] may run counter to our request for admissions"; petitioners did not deny the correctness of the facts stated in the stipulation. Respondent objected to this motion, and it was denied. Petitioners were given permission, however, to move for reconsideration of their motion and to argue its merits on brief, and they have done so.

Section 7453 [2] provides that the proceedings of this Court shall be conducted in accordance with such rules of practice and procedure as the Court may prescribe. Pursuant to this provision, Rules of Practice have been promulgated by this Court, and it is now settled that such rules rather than the Federal Rules of Civil Procedure govern our proceedings. *Factor* v. *Commissioner*, 281 F.2d 100, 122 (C.A. 9, 1960), affirming a Memorandum Opinion of this Court, certiorari denied 364

---

[2] All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

SEC. 7453. RULES OF PRACTICE, PROCEDURE, AND EVIDENCE.

The proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe and in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia.

U.S. 933 (1961); *Commissioner* v. *Licavoli*, 252 F.2d 268, 272 (C.A. 6, 1958), affirming a Memorandum Opinion of this Court; *Starr* v. *Commissioner*, 226 F.2d 721, 722 (C.A. 7, 1955), affirming a Memorandum Opinion of this Court, certiorari denied 350 U.S. 993 (1956); and *Katz* v. *Commissioner*, 188 F.2d 957, 959 (C.A. 2, 1951), affirming a Memorandum Opinion of this Court.

Petitioners appear to recognize that proceedings in this Court are governed by the rules we have prescribed, but they argue, nevertheless, that rule 36 [3] of the Federal Rules of Civil Procedure on Requests for Admission has been incorporated into the rules of this Court. Their reasoning in this respect begins with this Court's Rule 31(a) [4] which states that trials before the Court "will be conducted in accordance with the rules of evidence applicable in trials without a jury in the United States District Court for the District of Columbia." Next, they point out that rule 1 of the Federal Rules of Civil Procedure recites that those rules "govern the procedure in the United States district courts in all suits of a civil nature." From these premises, they argue that, since the U.S. District Court for the District of Columbia is one of the U.S. District Courts, "then by the plain and clear terms of Rule 31(a) of this Court the Federal Rules of Civil Procedure in so far as evidence is concerned is applicable to proceedings in this Court." In view of respondent's failure to serve denials of, or objections to, their requested admissions in accordance with rule 36 of the Federal Rules of Civil Procedure, petitioners argue that the statements contained in those requests must be deemed admitted for the purposes of this case and that, accordingly, petitioners "are entitled to judgment holding that there is no deficiency for the calendar year 1968."

---

[3] Rule 36. Requests for Admission.

(a) Request for admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. * * * A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why he cannot admit or deny it.

\* \* \* \* \* \* \*

(b) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *

[4] This rule is based on the last clause of sec. 7453, quoted in fn. 2 *supra*.

The error in petitioners' argument lies in their failure to distinguish between rules of evidence and rules of procedure. Only the "rules of evidence" applicable in the U.S. District Court for the District of Columbia apply in this Court. Admissions of material facts—whether made orally [5] or in writing [6] by a party or his counsel, in a pleading,[7] in an official record,[8] or in any of a variety of other ways—may be introduced in evidence in this Court as in other courts. Had respondent admitted in any way the truthfulness of the statements contained in petitioners' requests, his admissions could have been introduced in evidence before this Court.

However, rule 36 of the Federal Rules of Civil Procedure does not lay down a rule of evidence. It prescribes a U.S. District Court procedure for compelling admissions or denials of the genuineness of documents or of matters of fact incorporated in the request. This procedure includes provisions for the service of requests for admissions, and it fixes time limits for serving admissions, denials, or objections thereto. The rule further prescribes the effect of an admission or a failure to answer a request in the specified manner. While the rule can be used for discovery purposes, its basic purpose is to expedite the trial and "to eliminate the necessity of proving essentially undisputed and peripheral issues of fact." *Syracuse Broadcasting Corp.* v. *Newhouse*, 271 F.2d 910, 917 (C.A. 2, 1959).[9] In no sense is it a rule of evidence incorporated into our rules by Rule 31 (a).

We adhere to our prior rulings that rule 36 of the Federal Rules of Civil Procedure is not applicable in this Court. Accordingly, we hold that the statements contained in the requests filed in this Court on January 10, 1972, and May 4, 1972, are not deemed to be true for the purposes of this case.

For the sake of completeness, we note that Rule 31 of the Rules of Practice of this Court prescribes a procedure whereby most, if not all, of the objectives of the requests for admissions procedures in the District Courts can be achieved. That rule directs the parties to confer with a view to stipulating undisputed facts. If a party has failed to confer with his adversary or failed to stipulate facts "which are not in dispute or fairly should not be in dispute," paragraph (b)(5) of that rule provides that the party proposing to stipulate such facts may file a motion for an order to show cause why the facts covered in his

---

[5] *Colonial Fabrics* v. *Commissioner*, 202 F.2d 105, 108 (C.A. 2, 1953), affirming a Memorandum Opinion of this Court, certiorari denied 346 U.S. 814 (1953).

[6] *Waring* v. *Commissioner*, 412 F.2d 800, 801 (C.A. 3, 1969), affirming per curiam a Memorandum Opinion of this Court.

[7] *Ludwig Vogelstein*, 16 B.T.A. 947, 949 (1929).

[8] *Bennett E. Meyers*, 21 T.C. 331, 348 (1953).

[9] "Petitioners' First Request for Admissions" related to neither "undisputed" nor "peripheral" issues. It asked respondent to admit the correctness of the amount of taxable income shown in their return for the year in controversy.

proposed stipulation should not be accepted as established for the purposes of the case. The opposing party may file a response, and a hearing before the Court may be set. In the light of the showing at the hearing, the Court may enter an appropriate order on the motion. This was the procedure petitioners could have followed if they had wished to attempt, in the manner prescribed by the rules of this Court, to compel an admission of the facts stated in their requests.

We are left with petitioners' motion to be relieved of the stipulation of facts. Rule 31(b)(6) of the Rules of Practice of this Court provides that "The Court may set aside a stipulation in whole or in part where justice requires." In the instant case, the effect of the stipulation of facts is to prescribe a formula which will result in a reduction of the determined deficiency. If the stipulation of facts is set aside, petitioners will be left with no evidence whatever to support the allegations in their petition, and a decision for the full amount of the deficiency would be required. Neither party denies the truthfulness of the statements contained in the stipulation of facts. In these circumstances, it is difficult to see how justice requires the stipulation to be set aside.

We do not subscribe in any way to petitioners' statement that "The truth is immaterial if you do not observe the procedural rule." However, we recognize petitioners' desire to avoid jeopardizing their requests for admissions argument. At the pretrial conference, both parties explained petitioners' desire to have the Court reconsider its ruling on the efficacy of their requests for admissions and to preserve their right to appeal the issue if we should adhere to our prior rulings that petitioners' requests were not effective to judicially establish as facts the statements contained therein. While no pretrial order was entered, we think this is what both parties were attempting to accomplish.

Accordingly, we adhere to our denial of petitioners' motion to be relieved of the stipulation of facts filed herein. However, to give effect to what we think was the intention of the parties, we interpret the stipulation as a tentative one—to prescribe a formula for computing the amount of the deficiency to be determined herein only if petitioners' requests for admissions are finally held to be ineffective to establish the truthfulness of the statements contained in the requests. Accordingly, the Rule 50 computation will reflect the amount of the deficiency computed under that formula. If the case should be appealed and if the Court of Appeals should reverse, holding that petitioners have judicially established as facts the statements in the requests for admissions, the amount of the deficiency, if any, would be determined in the light of those statements. We think this interpretation of the stipu-

lation serves the ends of justice and accords with the intentions of the parties.

To give effect to the stipulation so interpreted,

*Decision will be entered under Rule 50.*