ANNIE TEMOYAN AND ARAM K. JERREHIAN, TRUSTEES, ESTATE OF MRS. HORMIG TEMOYAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22239.    Promulgated June 5, 1929.

*Milton A. Kamsler*, Esq., for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

## OPINION.

Phillips: The facts were stipulated. The stipulation contained the additional negative statement which seems to have no place in the findings of fact:

There is no agreement on the stipulation to the effect that the assets, any and all of which are held by the trustees, are the same assets as were formerly held or received in liquidation by the executors of the estate of John Temoyan.

This liability is asserted under the provisions of section 280 of the Revenue Act of 1926 which provides:

Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in the case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

This proceeding was heard after the enactment of the Revenue Act of 1928 and is governed by section 602 of that Act, which provides, so far as here material:

Title IX of the Revenue Act of 1924, as amended, is further amended by adding at the end thereof two new sections to read as follows:

### TRANSFERRED PROCEEDINGS

" Sec. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax."

We must assume for the purposes of this proceeding that the John Temoyan Co. owed the tax in question. Has the Commissioner borne the burden of showing that these petitioners are liable to pay this tax as transferees of the assets of the John Temoyan Co. We think not. Any liability must be predicated upon proof that these petitioners received assets, or proceeds of assets, of the John Temoyan Co. which, in equity or at law, should have been used to discharge its liability. There is no such showing. It does not appear whether or not upon liquidation of the company anything was left for the stockholder or the amount, if any, which the estate of John Temoyan received. If his estate did receive anything, it is not shown whether the amount so received was sufficient or insufficient to pay the tax liability asserted against the corporation. Moreover, his entire estate did not pass to his wife, Hormig Temoyan. She received only a part.

The amount she received is immaterial until it be shown how much is to be treated as received from the assets, if any, which the prior estate received from the company. The situation must be carried one step further before we can determine the liability of these petitioners. What part of the estate of Hormig Temoyan did these petitioners receive? Was it all or was it only a small part? If the funds of the company could be traced through the estate of John Temoyan and a part into the hands of Hormig Temoyan, what part of such funds did the petitioners receive?

It is evident that the statute places a real burden on the Commissioner. He must establish the liability of the transferee against whom he proposes to proceed. He must establish all facts necessary to show that there is a liability at law or in equity on the part of that transferee for the payment of the whole or a part of the liability. This burden is not met by such an indifferent showing of the facts as we have here.

Reviewed by the Board.

*Decision will be entered for the petitioners.*

Murdock, Arundell, Green, and Sternhagen concur in the result.

---

Trammell, dissenting: My view is that the statute casts the burden of proof on the Commissioner to show only that the petitioner is *liable as a transferee*, not the *amount* of the liability. A showing that there is some liability is all that the Commissioner is required to do to meet the burden required of him by statute. When some liability is shown, then the question is, Was the determination of the amount of the liability made by the Commissioner correct? On this question, it seems to me that the burden is on the petitioner to introduce evidence; otherwise, we should approve that determination.