Pearl Wyman v. Commissioner.
Wyman v. Commissioner
Docket No. 22315.
United States Tax Court
1950 Tax Ct. Memo LEXIS 158; 9 T.C.M. (CCH) 572; T.C.M. (RIA) 50166; June 30, 1950
*158 James R. Murphy, Esq., 902 American Security Bldg., Washington 5, D.C., and Joseph Hartman, Esq., for the petitioner. H. A. Townsend, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner requests redetermination of liability for deficiencies in income tax of A. Harry Wyman for the years 1941, 1942 and 1943 of $1,270.50, $24,498.18 and $29,253.28, respectively, and for 50 per cent fraud penalties under section 293(b), I.R.C. for the same years in the amounts of $635.25, $12,249.09, and $14,626.64, respectively. The issues are whether those deficiencies and penalties are properly due and owing by A. Harry Wyman, and whether petitioner is a transferee of the assets of that taxpayer. The case was heard in conjunction with A. Harry Wyman v. Commissioner, Docket No. 22299, [9 TCM 566], and the parties agreed that evidence in either case relevant to the other should be deemed part of that record. Findings of Fact The findings of fact in A. Harry Wyman v. Commissioner, Docket No. 22299, [9 TCM 566], relevant to the issues in this proceeding, are hereby found accordingly. *159 On July 13, 1945, a cashier's check in the amount of $7,000, payable to Mrs. A. H. Wyman, was purchased at the Atlantic National Bank, Jacksonville, Florida. The cashier's check register of the bank for that date lists "Wyman's Jewelry" as the purchaser. The books of account of Wyman's Jewelry do not indicate any withdrawal of funds from that business on or about that date which might have been used for purchase of this check. This sum represented the proceeds from the redemption of bonds of the City of St. Augustine owned and held by petitioner, which were called for payment January 1, 1945. The check was deposited by petitioner in her savings account at the Florida National Bank on July 18, 1945, where the funds remained until May 16, 1947, when the account was closed. On March 16, 1946, Wyman opened an account in petitioner's name at the Atlantic National Bank. Both petitioner and Wyman signed the signature card and Wyman had the unrestricted right to draw funds. The first and only deposit in that account was made by Wyman in the amount of $7,500. On April 18, 1946, Wyman closed the account by a withdrawal of $7,500 made by check payable to cash and signed "Mrs. Pearl Wyman *160 by A. H. Wyman." On April 18, 1946, Wyman purchased a cashier's check in the amount of $22,000 at the Atlantic National Bank, using his own funds and the $7,500 withdrawn from the savings account above described. The check was payable to and delivered by Wyman to James R. Boyd, Jr., as part payment for the purchase of a tract of real estate from Jacob Franklin Co., the full purchase price being approximately $23,000. Boyd endorsed and delivered the check to J. W. Pettyjohn, attorney for the vendor company. That company executed and delivered a deed, dated April 26, 1946, conveying the property to Pearl Lehman Wyman, (petitioner) which was recorded in the public registry of Duval County, Florida, on April 29, 1946. Wyman, and not petitioner, held the beneficial interest and was the actual owner of the property. Petitioner had no knowledge of the transaction and it was handled solely by Wyman and Boyd, his attorney. Title to the property was taken in petitioner's name as the result of Boyd's advice. Rental from the property was collected by Boyd and deposited in an account which he had set up at the Barnett National Bank, called the "A. H. Wyman Lease" account. On November 21, 1946, petitioner, *161 joined by Wyman, executed a deed conveying the property for a consideration of approximately $28,500 to Mrs. Edith W. Galoob. $1,000 was paid on November 21, 1946, and Mrs. Galoob paid the balance on January 7, 1947, by a check of that date in the amount of $27,405 payable to Pearl Wyman. On November 22, 1946, Wyman opened an account at American National Bank in the name of Mrs. Pearl L. Wyman. The signature card was signed by petitioner and Wyman; both had the right to withdraw funds; checks drawn by either would have been honored at the bank. On November 22, 1946, an initial deposit of $1,000 was made. There were no further deposits and no withdrawals until January 11, 1947, when the check for $27,405 was deposited. That check was endorsed "Pearl Wyman" by Wyman. On January 14, 1947, a withdrawal by check of $28,405 drawn and cashed by Wyman closed the account. Petitioner's income tax return for 1947, which was prepared by an accountant on the basis of information supplied to him by Boyd, reported a gain on the sale of the property. Petitioner did not receive any part of the proceeds of the sale of the above property. In a notice of liability, mailed to petitioner on March 1, 1949, respondent *162 determined deficiencies and fraud penalties against A. Harry Wyman, and asserted liability against petitioner on the ground that: "The records of this office indicate that assets of the above-named individual were transferred to you." Opinion This is a companion proceeding to that of Docket No. 22299. Were it material we should find here, as we did in that proceeding, that the taxpayer, petitioner's husband, was properly charged with deficiencies and fraud penalties as determined by respondent. In the view we take, however, such findings are unnecessary. The first requisite for a determination here in respondent's favor is to find on a record as to which he has the burden, section 1119(a), Internal Revenue Code; Annie Temoyan, et al., Trustees, 16 B.T.A. 923, that transfers of the taxpayer's property were made to this petitioner. Since we conclude that respondent has not borne this burden, all other issues are moot. Although respondent alleged in his answer four occasions on which transfers had been made, and produced some evidence at the hearing with respect to three of them, he deals in his brief with only two, and we shall regard only *163 those two as remaining in issue. The first was an asserted transfer of cash in the amount of $7,000 in 1945. In order to identify it as an asset of petitioner, respondent points to the fact that payment was represented by a cashier's check which the evidence shows was ordered by "Wyman's Jewelers." This was a sole proprietorship owned by the taxpayer. It is equally clear, however, and respondent so concedes, that the record shows that no such withdrawal was made from Wyman's Jewelers. The payment was made at a time and under circumstances from which the most likely inference is that petitioner was receiving the cash for some redeemed bonds which had always been her property. Not only do we conclude from this that respondent has failed to show that this was a transfer from the taxpayer, but further that the record indicates, if it does not prove, that these were at all times petitioner's funds. The other occasion upon which respondent relies involves the purchase of a piece of real property with funds which were concededly those of the taxpayer. Petitioner is implicated because the property was taken in her name, and when it was sold the proceeds were deposited in an account from *164 which she had the right of withdrawal. Here again, however, the evidence supported by testimony of substantial and disinterested witnesses indicates not only that petitioner had nothing to do with the conveyance of the property into her name, but that she at no time received any of its benefits; and that when the final cash was withdrawn, it fell into the hands of the taxpayer and not of petitioner. If there was thereafter a transfer of that cash from the taxpayer to petitioner, there is nothing in the record upon which such a finding could be predicated. We conclude that no transfers of property have been shown, and that it accordingly becomes unnecessary to deal with other questions, such as the value of the property or the solvency or insolvency of the taxpayer at the time. Having concluded that there has been no adequate showing of any liability at law or in equity of petitioner as transferee. Decision will be entered under Rule 50. *
Footnotes
*. Decision is as amended by Tax Court order dated August 9, 1950. - CCH.↩